### In re LUTHY.

Court of Appeals of District of Columbia.
Submitted January 17, 1929. Decided
February 4, 1929.

No. 2153.

Charles T. Luthy, of Peoria, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Board of Appeals.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Board of Patent Appeals denying a patent for an improvement in penholders. The claims are as follows:

"1. A penholder that is flat, that is, when the penholder is in writing position, is thinner from side to side than in the upward direction.

"2. A penholder having a stem that has either two flat or two slightly rounded flat sides and two rounded edges at right angles to such sides.

"3. A penholder having a tip that is round (as the curvature of the pen requires) for about the length of its socket and thence backward flattens to conform to the stem.

"4. A penholder having a stem that, when the penholder is in writing position, is thinner from side to side than in the upward direction, the stem having two flat or slightly rounded flat sides and two rounded edges at right angles to such sides; that has a tip that is round (or as the curvature of the pen requires) for about the length of its socket and thence backward flattens to conform to the flat form of the stem, the tip being adjusted to one of said two edges."

The Board in its opinion describes appellant's device as: "A penholder having flattened side portions so that its vertical dimension exceeds its horizontal dimension. In view of this shape, the penholder, when grasped in the writer's hand, is rotated to such position that the pen point is correctly located with respect to the paper."

The reference relied upon to defeat appellant's claim is for a patent to one Plach, dated February 12, 1907. The Plach patent discloses a penholder which is flattened at the portions of the holder where the thumb and fingers grasp it. The flattened portion is shaped triangular; a flat portion for the thumb, a flat portion on top for the index finger, and a flat portion for the middle finger, opposite from the thumb. The balance of the holder is round, while appellant's holder maintains its flattened shape throughout.

It is apparent that the two devices, in so far as controlling the grip on the penholder, are entirely different. Considering the specifications of the respective parties and the object to be sought by the peculiar shape of the devices, we are of the opinion that appellant has made an advance in the art that is entitled to protection. While the case is not entirely free from doubt, we are disposed to apply the rule, so frequently announced in this court, of giving the inventor the benefit of the doubt, and award him the protection to which the patent entitles him.

We think, however, that his invention is fully protected by the granting of claim 4.

The decision of the Board is affirmed as to claims 1, 2, and 3, and reversed as to claim 4.